(139 App. Div. 388.)

## HALL v. BROWN.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

APPEAL AND ERROR (§ 353*)—TIME TO APPEAL—AMENDMENT OF JUDGMENT.

In an action to have a judgment against plaintiff declared not to be a lien on his real estate, on the ground that it had been purchased with pension money, a judgment in his favor contained the following recital: "And the court after due deliberation having rendered and filed its decision wherein it finds and decides that the findings of fact are supported by the evidence." After expiration of the time for appeal, defendant's attorney moved for an order, which was substantially granted, correcting the same by striking therefrom the words "finds and decides that the findings of fact are supported by the evidence," fixing the date of entry thereof according to such correction, and requiring plaintiff's attorney to receive a notice of appeal and a copy undertaking in connection therewith. Held, that the provision in the judgment objected to stated simply its legal effect, and at the most was mere surplusage, and its insertion therein in no way affected defendant's right to appeal, or to review any question which he would have the right to review on such an appeal if it had been omitted, and that the only purpose of the order was to extend the time to appeal, which the court was without power to do, either directly or indirectly, by amending the judgment or by striking out a superfluous provision therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1920–1922; Dec. Dig. § 353.*]

Appeal from Special Term, Sullivan County.

Action by Asa Hall against Stephen S. Brown, administrator of James H. Brown, deceased. From an order correcting a final judgment for plaintiff, the latter appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

John W. Lyon, for appellant.
George H. Smith, for respondent.

SMITH, P. J. This action was originally brought to have a judgment theretofore secured by defendant against the plaintiff declared not to be a lien upon plaintiff's real property, and the docket of said judgment modified accordingly, upon the ground that plaintiff's said real property had been purchased with pension moneys. Judgment was entered in favor of the plaintiff, which was affirmed in this court; Justice KELLOGG dissenting. 134 App. Div. 910, 118 N. Y. Supp. 1110. Upon such decision a judgment of affirmance was entered. The judgment contained the following recital:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"And the court after due deliberation having rendered and filed its decision wherein it finds and decides that the findings of fact are supported by the evidence. * * * "

This judgment was entered October 22, 1909, and upon October 23, 1909, the defendant's attorney admitted due and personal service of the said judgment and notice indorsed thereupon. Upon February 3, 1910, after the time to appeal to the Court of Appeals from said judgment had expired, defendant's attorney made a motion—

"for an order correcting the final judgment of affirmance herein, by striking therefrom the words 'finds and decides that the findings of fact are supported by the evidence,' fixing date entry thereof according to such correction, and that attorney for plaintiff be thereupon required to accept and receive said notice of appeal to Court of Appeals and the copy undertaking in connection therewith."

The order from which this appeal is taken substantially granted said motion, and struck out the clause in the judgment complained of, and further provided: •

"Ordered, that the date of entry of such final judgment be and the same hereby is fixed as of the date of such correction; and it is further ordered, that thereupon attorney for plaintiff be and hereby is required to accept and receive notice of appeal to Court of Appeals from such corrected judgment, together with copy undertaking served in connection therewith."

Theretofore, upon request of defendant's attorney, plaintiff stipulated that the provision objected to be stricken from the judgment, and that the judgment and order might be corrected, but provided in the stipulation:

"This stipulation shall not alter or affect the date of entry of said judgment nor extend defendant's time to appeal."

This stipulation was not accepted by defendant's attorney, because the time to appeal to the Court of Appeals had already expired, and a motion was thereupon made which resulted in the order from which this appeal is taken.

The judgment of affirmance as entered by the plaintiff's attorney was clearly proper. The provision objected to expressed simply the legal effect of the judgment. At the most it was mere surplusage. The judgment could not have been affirmed by this court, except upon the conclusion of this court that the findings of fact were supported by the evidence. It will be noticed that the provision does not state a unanimous conclusion to that effect. The insertion of this provision in the judgment in no way affected the right of the defendant to appeal from the judgment, or to review any question which he would have the right to review upon such an appeal if the provision had been omitted. The only purpose that can be accomplished by this order is to extend the time of the defendant to appeal from the judgment to the Court of Appeals, and this the Special Term was without power to do, either directly or indirectly, by amending the judgment by striking out a superfluous provision therein.

I recommend, therefore, that the order be reversed, with $10 costs and disbursements.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.